Conclusions of Law

**IN THE SUPERIOR COURT OF GUAM**

2012 JUL -6 PH 4: 56

CHRISTOPHER STAHL,                    )
                                       )
                    Plaintiff,         )     **DOMESTIC CASE NO. DM0735-11**
                                       )
        vs.                            )
                                       )     **DECISION AND ORDER**
CARLA G. STAHL,                        )
                                       )
                    Defendant.         )
                                       )

## INTRODUCTION

This matter came before the Honorable Judge James L. Canto II on the Defendant's motion to consolidate, filed December 15, 2012. Oral arguments were heard on March 29, 2012. Attorney Ronald P. Moroni appeared on behalf of the Plaintiff and Attorney Joaquin C. Arriola, Jr. represented the Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

On December 28, 2010, Defendant Carla G. Stahl ("Carla") filed a complaint for divorce and child custody against Plaintiff Christopher Stahl ("Christopher") in Domestic Case No. DM0842-10. On October 24, 2011, Christopher filed the present action for child custody. Christopher alleges that he filed a motion to dismiss Case No. DM0842-10 for a lack of personal jurisdiction and that he seeks child custody in this separate action under the jurisdictional immunity of 7 GCA § 39109. (Complaint, 2-3, Oct. 24, 2011.) The motion to dismiss is allegedly under advisement in Case No. DM0842-10 and both actions are contemporaneously pending before separate judges of the Superior Court. *Id.*

On December 15, 2011, Carla filed the present motion to consolidate her prior action with this action on the basis that both suits pray for child custody and support of the same children between the same parties. At oral argument, the parties confirmed that the child custody claims and issues are identical in both cases and that the prior divorce action contains additional claims over the marriage and property of the parties. (Record Log at 9:05 *et seq.*, Mar. 29,



Page 1 of 4

2012.) Plaintiff's counsel also explained that child custody could be pursued under the immunity of 7 GCA § 39109 in the prior divorce action, and that absent dismissal of the divorce action, this second action is duplicative and unnecessary. *Id.*

On December 23, 2012 the Court entered temporary child visitation orders for the winter school holiday under the authority of 7 GCA § 39201(a)(1).

## DISCUSSION

Under Guam law, separate civil actions may be consolidated where they involve common questions of law and fact. *See* Guam R. Civ. P. 42(a). In general, a trial court, "may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams v. California Dept. of Health Services*, 487 F. 3d 684, 688 (9th Cir. 2007) (*citing Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-139 (2d Cir. 2000); *Walton v. Eaton Corp.*, 563 F.2d 66, 70-71 (3d Cir. 1977)).

In this case, Carla moves to consolidate her divorce and child custody action with Christopher's later-filed child custody action. The Court agrees with the parties that both actions are identical on the issues of child custody and support. For this reason, the Court may exercise its discretion to dismiss, stay, enjoin or consolidate this duplicative later-filed action. The Court shall weigh the merits of an appropriate response in this case.

### I. Consolidation

In general, the consolidation of separate actions is not appropriate, "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998). The consolidation of separate actions, "is permitted as a matter of convenience and economy in administration, but [it] does not merge the suits into a single cause." *Kraft, Inc. v. Local Union 327, Teamsters, Chauffeurs, Helpers and Taxicab Drivers*, 683 F.2d 131, 133 (6th Cir. 1982) (*quoting Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97, 53 S.Ct. 721, 727-28, 77 L.Ed. 1331 (1933)). A duplicative later-filed action, "will generally [be] amenable to dismissal, because when two separate suits are virtually alike, the second suit is deemed unnecessary, oppressive and vexatious." *Yokeno v. Sekiguchi*, Case No. CVA10-006,



*Order*, 1:28-2:3 (Sup. Ct. Guam, Oct. 27, 2010, Torres, C.J.) (internal quotation marks omitted) (*quoting Gaudio v. Gaudio*, 580 A.2d 1212, 1218 (Conn. App. Ct. 1990)).

In this case, the consolidation of a later-filed action with its identical pending predecessor is not appropriate because it leads to inefficiency and inconvenience. A consolidation will not merge the actions, and the duplicative actions shall unnecessarily require separate or copied filings. Child custody relief is readily available in the prior pending divorce action without the surrender of personal jurisdiction pursuant to 7 GCA § 39109. It is significant that the parties do not offer a specific reason why consolidation promotes an economy beyond the identical relief available in the prior pending action. At oral argument, the movant noted delays in the prior case and requested that, "this court take over the other case." (Record Log at 9:16-18, Mar. 29, 2012.) The Court must note that it shall not permit any action which may constitute an impermissible form of judge-shopping. *See Dixon v. Larosa*, No. 2:10-cv-1441, 2011 WL 109143, at *2 (E.D. Cal. Jan. 12, 2011) (*citing Hernandez v. City of El Monte*, 138 F.3d 393, 398-99 (9th Cir. 1998)). Based upon the foregoing, the Court shall decline to consolidate Carla's prior pending divorce action and the motion is denied.

## II. Stay or Enjoinment of Proceedings

A stay is a temporary suspension of procedure in a case until the happening of a defined contingency. *People v. Santana*, 182 Cal.App.3d 185, 190 (Ct.App. 1986). In the decision to stay a case, a court must weigh the competing interests of: 1) the possible damage from granting a stay; 2) the hardship or inequity that would result from denying a stay; and 3) the simplification or complication of issues, proof and legal questions that would result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

In the present case, the interests weigh against a stay of proceedings. With or without a stay, this duplicative later-filed case shall unnecessarily complicate and confuse the issue of child custody before separate judges of the Superior Court. Furthermore, possible damage can result from the stay of a duplicative action that allows the parties to wait and decide when to present



ORIGINAL

and litigate child custody issues before separate judges. For these reasons, the Court shall decline to stay these proceedings pending resolution of Domestic Case No. DM0842-10.

**III. Abatement and Dismissal**

The Supreme Court of Guam recognizes that the, "Abatement of legal proceedings, often referred to as the prior pending action doctrine, may occur when, 'a claim involves the same subject matter and parties as a previously-filed action so that the same facts and issues are presented.'" *Yokeno*, Case No. CVA10-006, *Order* at 1:24-26 (*quoting Estate of Holtmeyer v. Piontek*, 913 S.W.2d 352, 357 (Mo. Ct. App. 1996)). In other words, "the pendency of a prior suit between the same parties brought to obtain the same end will generally render the latter suit amenable to dismissal, because when two separate suits are virtually alike, the second suit is deemed unnecessary, oppressive and vexatious." *Id.* at 1:28-2:3 (internal quotation marks omitted) (quoting *Gaudio*, 580 A.2d at 1218).

Here, the parties allege and the Court agrees that that this action presents facts and issues of child custody that are identical to the previously-filed action for divorce. The Court further agrees with the assertion that either pending action may resolve child custody issues without the surrender of personal jurisdiction pursuant to 7 GCA § 39109. Most importantly, a child custody judgment in the prior action may be pled as a bar to this subsequent action. *See Adams*, 487 F.3d at 688-692. For these reasons, this later-filed duplicative action is unnecessary and it shall be dismissed pursuant to the prior pending action doctrine.

**CONCLUSION**

Based upon the foregoing, Defendant's motion to consolidate is hereby DENIED and these proceedings are further abated and DISMISSED due to the prior pending Domestic Case No. DM0842-10.

**SO ORDERED** this 6TH day of June, 2012.

_____
**HONORABLE JAMES L. CANTO II**
**Judge Superior Court of Guam**

ORIGINAL
Page 4 of 4